## PONEY HAWTHORNE v. THE STATE.

### No. 3242. Decided November 16.

1. **Assault to Murder—Self-Defense—Charge of the Court.**—If the charge of the court submits to the jury a theory of defense not presented by the evidence, it is. error which inures to the benefit of the accused, and he can not be heard to complain on appeal that the instruction was imperfect or erroneous. See the opinion *in extenso* for the substance of evidence on a trial for assault with intent to murder, held not to raise the issue of self-defense.

2. **Same—Aggravated Assault and Battery.**—Explaining the law of aggravated assault, the charge of the court embodies the statutory definition of manslaughter. In the same connection it embodies an abstractly correct explanation of "adequate cause," but restricts it to an assault and battery by the injured party upon the accused causing

to the latter pain or bloodshed. *Held*, that in the absence of proof even suggesting such an assault and battery, the charge was erroneous.

3. Same—"Adequate Cause."—Any condition or circumstance which is capable of creating sudden passion sufficient to render the mind of a person of ordinary temper incapable of cool reflection may constitute "adequate cause," and where the evidence shows a number of conditions or circumstances tending either singly or collectively to constitute what a jury might consider adequate cause, the charge of the court should leave the jury at liberty to consider them all in determining whether or not adequate ·cause existed. See the opinion for a state of proof held to demand of the trial court an instruction in comformity with this rule.

4. Same—Evidence.—It was proved on a trial for assault to murder that the injured party publicly accused the defendant of stealing a plow; refused to modify or withdraw the charge; threatened to kill defendant; afterwards sent for defendant to .settle the quarrel amicably, and when defendant called upon him in response to his invitation, and requested him to withdraw or modify the accusation of theft, he refused to do so, and seized his gun in a threatening manner. The defense offered, but was not permitted by the court to prove, that the accusation of theft made against the defendant by the injured party was false. *Held*, that the proposed proof was competent, and .should have been admitted. .

APPEAL from the District Court of Bosque. Tried below before Hon. J. M. Hall.

The conviction in this case was for an assault with intent to murder John Bennett. A term of two years in the penitentiary was the penalty .assessed by the verdict.

The opinion sufficiently discloses the case.

*Lockett & Lockett*, for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

WILLSON, JUDGE.—In some important particulars there is conflict between the evidence adduced by the State and that adduced by the defendant. For the purposes of this opinion we will state substantially only so much of the evidence as presents the defensive theories of the ·case.

Some weeks prior to the difficulty, Bennett, the injured party, accused the defendant of the theft of a plow. Shortly thereafter the parties met .and a quarrel ensued between them about said accusation, and there is some evidence tending to show that Bennett, on that occasion, sought to .assault defendant with a pistol. Bennett thereafter threatened to kill the defendant, and the threat was communicated to the defendant prior to the difficulty now under consideration. A mutual friend of the parties sought to have them settle their troubles amicably, but Bennett would make no concessions, and persisted in his accusations and enmity .against the defendant. However, a few days before the difficulty in which defendant shot Bennett, the latter sent word to the former to come

and see him that they might have a peaceable settlement of their trouble. Defendant received this message, and in company with one Waddell, a friend of his, went to see Bennett, and found him in his field at work. Defendant told Bennett he had come to have a peaceable settlement. Bennett replied, "all right." Waddell then asked Bennett if he would sign a written instrument stating that he did not believe that defendant stole the plow, or that he had no evidence that he stole it. Bennett answered that he would not, and sprang a few feet away and seized a gun which was on the ground. Defendant also seized the gun, and while he and Bennett were scuffling over it, Waddell took it away from them. Bennett then ran, and the defendant pursued him, firing three shots from a pistol at him as they ran, one of which shots struck Bennett in the arm. Defendant overtook Bennett, caught and threw him down, and inflicted several blows on his head with a rock. It was proved by several witnesses that Bennett's general reputation for peace and quiet was bad, and that he was a man who would be likely to execute a threat made by him.

As we view this evidence it does not raise the issue of self-defense, because it is manifest that at the time the defendant shot at Bennett, and at the time he beat him with the rock, he, Bennett, was disarmed, was fleeing from his adversary, and threatening no violence to him. Whatever danger to the defendant may have existed at the commencement of the difficulty had entirely ceased at the time defendant fired the shots and inflicted the blows with the rock. The right of self-defense is based upon and limited by necessity. When the necessity, real or apparent, ceases, the right no longer exists. Hobbs v. The State, 16 Texas Ct. App., 517; Blake v. The State, 3 Texas Ct. App., 581; Lander v. The State, 12 Texas, 462. But the trial judge in his charge to the jury submitted self-defense as an issue in the case, and the error of the charge in this particular being favorable to the defendant, he can not complain of such error, nor that the law of self-defense was imperfectly or erroneously explained.

We are of the opinion that the evidence fairly presents the issue of aggravated assault and battery. Upon this issue the charge of the court is, we think, incomplete, in some particulars incorrect, and does not plainly present the law applicable to the facts proved. In explaining the law of aggravated assault, the charge gives the statutory definition of manslaughter. In explaining "adequate cause" it states that "insulting words or gestures, or an assault and battery so slight as to show no intention to inflict harm or injury, unaccompanied by violence, are not sufficient to reduce the degree of murder to the grade of manslaughter, but an assault and battery causing pain or bloodshed is an adequate cause," etc. While this portion of the charge is abstractly correct, it is not applicable to the evidence. There was no proof that Bennett committed a slight assault and battery upon the defendant, or an assault and battery caus-

ing pain or bloodshed. Under this charge, the only "adequate cause" was an assault and battery committed by Bennett upon the defendant, causing to the latter pain or bloodshed. Of course the jury would conclude under this charge that adequate cause did not exist, because no such assault and battery was committed, and therefore self-defense not being shown, they must necessarily find the defendant guilty of an assault with intent to murder. "Adequate cause" should not have been so restricted. Any condition or circumstance which is capable of creating sudden passion sufficient to render the mind of a person of ordinary temper incapable of cool reflection, may constitute "adequate cause," and where the evidence shows a number of conditions or circumstances tending either singly or collectively to constitute what a jury might consider adequate cause, the charge should leave the jury at liberty to consider them all in determining whether or not adequate cause existed. Orman v. The State, 24 Texas Ct. App., 495. Thus, in this case, the jury should have been given the liberty under the charge of considering, in determining the question of adequate cause, that Bennett had accused the defendant of the theft of a plow; that he had refused to retract or modify such accusation; that he had threatened defendant's life; that he had sent defendant word to come and see him for the purpose of having a peaceable settlement of their trouble, and that when defendant went to see him about the matter, he still refused to retract or modify the accusation of theft, and seized his gun in a threatening manner. The jury should have been left free to determine the question of "adequate cause" from all the facts in evidence tending to show such cause, instead of being restricted, as they were by the charge, to a single cause, and that a cause not shown by the evidence.

Again, if "adequate cause" existed at the commencement of the difficulty, and the defendant then acted under the immediate influence of passion produced thereby to that degree which rendered his mind incable of cool reflection, such passion may have continued to exist throughout the difficulty, and may have influenced him in firing the shots and in beating Bennett with the rock; and if it did, he would not be guilty of an assault with intent to murder. This phase of the case is, we think, presented by the evidence, and called for appropriate instruction from the court, but was not embraced in the charge, and hence the charge is in this particular materially imperfect. West v. The State, 2 Texas Ct. App., 460; Hobbs v. The State, 16 Texas Ct. App., 517; Howard v. The State, 23 Texas Ct. App., 265.

It was competent for the defendant to prove, if he could, that he was innocent of the accusation of the theft of the plow, and any testimony tending to establish his innocence of that charge, if offered by him, should have been admitted. Wadlington v. The State, 19 Texas Ct. App., 266; Tillery v. The State, 24 Texas Ct. App., 251. It appears

from a bill of exception in the record that some such testimony was offered by the defendant and rejected, but the bill of exception is so imperfect and indefinite that the ruling of the court is not presented in such manner as to enable us to revise it.

Because of the defects and errors in the charge of the court, which we have specified, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.